Hely, Charles J., J.
A. Absence of a Demand Letter
Under G.L.c. 93A, §9(3), the demand letter requirements “shall not apply ... if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth ...” This means that a demand letter is not required if GMAC either does not maintain a place of business in the Commonwealth “or” does not keep assets within the Commonwealth.
GMAC does keep assets in the Commonwealth, for example, mortgage interests in Massachusetts real estate. The demand letter requirement is excused by the statutory language, however, because the plaintiff has specifically alleged that GMAC does not maintain a place of business in the Commonwealth. The disjunctive language in the statute creates two altenative grounds for a demand letter exemption. For this reason, the court respectfully disagrees with the decision in Anderson v. Ameriquest Mortgage Co., 2006 WL 2786974 (U.S. Bankruptcy Court, D.Mass.).
B. Absence of a Legal Duty to Renegotiate the Loan
The complaint alleges that two loan modification companies, Excel and Home Rescue, were retained by the plaintiffs to renegotiate their mortgage loan with GMAC. The complaint, par. 32, alleges that both Excel and Home Rescue failed to follow up with the loan modification paperwork in breach of their contracts with the plaintiffs.
According to the complaint, par. 19, Excel failed to take any steps to negotiate a loan modification with GMAC. The complaint, par. 25, alleges that “either the Bank [GMAC] failed to process the loan modification paperwork submitted by Home Rescue or Home Rescue failed to properly submit and follow up on the Paisleys’ loan modification request.”
The complaint, par. 40, alleges that “neither Excel nor Home Rescue negotiated with the Bank in good faith or undertook any of the obligations inherent in their duties to effectuate a loan modification ...” The complaint, par 42, alleges that the defendants’ failure to process the Paisleys’ loan application in good faith and failure to take all commercially reasonable steps to effectuate the Paisleys’ loan modification application violates the Massachusetts Consumer Protection statute, M.G.L.c. 93A, which prohibits unfair and deceptive trade practices.
Under Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), a plaintiffs obligation to state in the complaint “the ‘grounds’ of his ‘entitle [ment] to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” “What is required at the pleading stage are factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief. . .” Id.
Although the complaint in this case states the conclusion of a violation of G.L.c. 93A, the complaint fails to identify any recognized legal duty to the plaintiffs that GMAC violated. Eveiy contract in Massachusetts is subject to an implied covenant of good faith and fair dealing. Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 473 (1991). A party to a contract, however, does not have a legal duty to renegotiate the contract upon the request of the other party. Assuming that GMAC received a complete application for a loan modification from Home Rescue, GMAC did not have a legal duty to the plaintiffs to renegotiate the loan. Carney v. Shawmut Bank, N.A., 2008 WL 4266248 *3; Latham v. Homecomings Finan *222 cial LLC, 2009 WL 6297593 (Mass.Super. 2009) [27 Mass. L. Rptr. 3].
The Federal Guidelines for lenders participating in the Home Affordable Modification Program do not create a cause of action for a borrower in default who alleges that the lender failed to renegotiate the loan. McKensi v. Bank of America, N.A., 2010 WL 3781841, *5 (D.Mass.).
C. Order
GMAC Mortgage, LLC’s motion to dismiss is allowed.